MAX BERMAN & others *vs.* KENT E. COUTINHO & others (and three companion cases). July 31, 1985. *Zoning*, Setback.

These consolidated appeals arise out of a dispute among the parties concerning the defendant Coutinho's construction of a house on his property located on Commercial Street in Provincetown. All the appeals involve the same, sole issue: the meaning of the front yard requirement provision of the Provincetown by-law.

The disputed by-law reads, in pertinent portion:

"1320.  Dimensional Schedule. . . .

|                              | RESIDENTIAL |
| ---------------------------- | ----------- |
| "REQUIREMENT                 | G           |
| Min. Lot Area (sq. ft.)      | 5,000       |
| Min. Lot Frontage (lin. ft.) | 50          |
| Min. Front Yard (ft.)        | 20[a]       |

.    .    .

"a.  Or, if smaller, the average of the setbacks of the buildings on the lots thereto on either side, a vacant lot being counted as though occupied by a building set back the minimum distance."

The facts to which this by-law must be applied are that Coutinho's lot is situated in a Residence G zoning district and his house, under construction at the time of trial, is set back slightly more than 14.72 feet from the street line. The building on the lot adjoining Coutinho's property on its westerly side is set back 9.44 feet from the street line. On the lot to the easterly side of Coutinho's property there is a building which is set back 20 feet from the street line.

Coutinho (and the other defendants) contend that because the average of the front yard setbacks of the buildings on the two lots adjoining Coutinho's property is 14.72 feet, and because Coutinho's building is set back slightly more than the averaged distance, the dimensional requirements of the by-law have been met. The plaintiffs (owners of property in close proximity to Coutinho's lot) contend that the words "if smaller" in footnote "a"

of the by-law pertain to the lot size, either area or frontage. Therefore, they argue, the footnote applies only to lots in Class G having areas of less than 5,000 square feet or frontages of less than 50 feet, or both, and because Coutinho's lot has neither of these qualifications for the benefit of footnote "a," the by-law requires that there be a front yard setback of at least 20 feet. Thus, the controversy narrows to the meaning of footnote "a."

The trial judge concluded that under the by-law a "building on a lot in a Class G district *must* be set back from the street line (i) a distance of 20 feet *or* (ii) a distance equal to the average of the setbacks of the buildings on the two adjoining lots, whichever distance is the smaller" (emphases original). As the by-law is concerned with minimum requirements, the owner is, of course, free to provide for a greater distance should he so desire.

In construing footnote "a," the trial judge adhered to the well established principle that "[z]oning by-laws must be construed reasonably." *Green* v. *Board of Appeal of Norwood,* 358 Mass. 253, 258 (1970), and cases therein cited. The plaintiffs' interpretation of that footnote, that it applies only to lots having less than the required lot area (5,000 square feet) or frontage (50 feet), overlooks the placement of the footnote reference in the body of the dimensional schedule. As referenced, the footnote is relevant only to the minimum front yard requirement.

Additionally, the disputed provision of the by-law is substantially the same (in all respects material hereto) in its terms, but not format, as its predecessor, which was construed in *Van Arsdale* v. *Provincetown,* 344 Mass. 146, 149 (1962). There the court held that the by-law gave the "owner an option of either distance." We see nothing in the present by-law which requires that it be construed differently. Accordingly, in determining the distance of the front yard setback under the by-law, Coutinho was free to choose between 20 or 14.72 feet, the average of the setbacks of the buildings on the lots adjoining his property.

*Judgments affirmed.*

*Paul V. Benatti* for the plaintiffs.
*J. Douglas Murphy* for the defendants.